## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

-------------------------------------------------------------------X

ROBERT MORAN,

                         **Plaintiff,**

                                         **May 13, 2019**

**v.**                                        **CIVIL ACTION NO.**

**PETER TESEI, JAMES HEAVEY, ANDREW**    JURY TRIAL DEMANDED
**GRECO, SEAN P. O'DONNELL,  BRIAN N.**
**TORNGA, HAYES SGAGLIO, ALBERT**
**ESCOFFERY, DANIELLE PETRUSO**
**THE TOWN OF GREENWICH CONNECTICUT,**
**THE GREENWICH POLICE DEPARTMENT,**

                         **Defendants.**

-------------------------------------------------------------------X

## COMPLAINT AND JURY DEMAND

Plaintiff, ROBERT MORAN, by his attorney, GARY N. RAWLINS, as and for his Complaint against the Defendants respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to U.S.C. § 1083 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the State of Connecticut and the United States.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. 1988 and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.  Some of the activity was recorded.

4.      The plaintiff invokes this Court's supplemental jurisdiction, pursuant to 28 USC § 1376(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this court that they form part of the same case or controversy.

## VENUE

5.      Venue is properly laid in the District of Connecticut under U.S.C. § 1391(b), in that this is the District in which the claim arose and where the defendants reside.

## JURY DEMAND

6.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7.     Plaintiff, ROBERT MORAN, is a citizen of the United States, and at all relevant times a resident of the City of Queens, and State of New York.

8.     Defendant, TOWN OF GREENWICH, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of Connecticut.

9.     Defendant, TOWN OF GREENWICH, maintains the Greenwich Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per applicable sections of the Connecticut General Statutes, acting under the direction and supervision of the aforementioned municipal corporation, TOWN OF GREENWICH.

10.    That at all times hereinafter mentioned, the individually named Defendants, PETER TESEI (GREENWICH FIRST SELECTMAN) JAMES HEAVEY (GREENWICH CHIEF OF POLICE),  ANDREW GRECO (POLICE OFFICER),  SEAN P. O'DONNELL (POLICE SERGEANT),  BRIAN N. TORNGA (POLICE OFFICER), HAYES SGAGLIO (POLICE OFFICER), ALBERT ESCOFFERY (POLICE OFFICER) , DANIELLE PETRUSO (POLICE SERGEANT)  and JOHN DOES 1-4 were duly sworn First Selectmen/Police Commissioner, Chief of police, Sergeants, and law

enforcement officers of said department and were acting under the supervision of said department and according to their official duties.

11.   That all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under the color of state law and/or compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of Connecticut or Town of Greenwich.

12.   Each and all of the acts of the individual Defendants alleged herein were done by said Defendants while acting within the scope of their employment by the Defendant TOWN OF GREENWICH.

13.   Each and all of the acts of the individual Defendants alleged herein were done by said Defendants while acting in furtherance of their employment by the Defendant TOWN OF GREENWICH.

14.   At all times mentioned in this Complaint, the individual Defendants acted jointly and in concert with each other. Each individual Defendant had the duty and opportunity to protect the Plaintiff from the unlawful actions of the other individual Defendants but each individual Defendant failed and refused to perform such duty, thereby proximately causing the Plaintiff's injuries.

15.   At all times mentioned herein, Peter Tesei was the Police Commissioner for the Town of Greenwich and its final policymaker in the area of law enforcement , and is sued individually and in his

official capacity in the performance of his duties and within the scope of his employment  as Commissioner and was acting under color of state law, and under color of the Constitution , statutes, laws charter, ordinances, rules, regulations, customs and usages of the United States, the State of Connecticut and/or the Town of Greenwich.

16.   At all times mentioned herein, JAMES HEAVEY was the Chief of Police for the Town of Greenwich and its final policymaker in the area of law enforcement , and is sued individually and in his official capacity in the performance of his duties and within the scope of his employment  as Chief of Police and was acting under color of state law, and under color of the Constitution , statutes, laws charter, ordinances, rules, regulations, customs and usages of the United States, the State of Connecticut and/or the Town of Greenwich.

17.   At all times mentioned herein, Sergeant  SEAN P. O'DONNELL was a Sergeant with the  Police for the Town of Greenwich, and is sued individually and in his official capacity in the performance of his duties and within the scope of his employment  as Sergeant and was acting under color of state law, and under color of the Constitution , statutes, laws charter, ordinances, rules, regulations, customs and usages of the United States, the State of Connecticut and/or the Town of Greenwich.

18.    At all times mentioned herein, Sergeant  DANIELLE PETRUSO was a Sergeant with the  Police for the Town of Greenwich, and is sued individually and in her official capacity in the performance of her duties and within the scope of her employment  as Sergeant and was acting under color of state law, and under color of the Constitution , statutes, laws charter, ordinances, rules, regulations, customs and usages of the United States, the State of Connecticut and/or the Town of Greenwich.

## FACTS

19.    On May 14, 2017 at approximately  p.m., Plaintiff ROBERT MORAN was in front of 11 Orchard St. Cos Cob in the Town of Greenwich, and State of Connecticut where he was met by several Greenwich Police Officers. He was ordered to stand up and sit back down numerous times.

20.    The individual Defendants identified themselves as police officers and were wearing and/or displaying uniforms and badging that identified them as such.

21.    The Plaintiff requested to be placed in handcuffs and taken to the hospital multiple times and alerted the defendants that he needed psychotropic medication for his mental illness.

22.    After a substantial period of time, Sergeant Sean O'Donnell struck the plaintiff in the head with a metal baton.

23.    All of the named defendants with the exception of PETER TESEI and JAMES HEAVEY proceeded to use physical force to wrestle Mr. Moran to the ground.  Mr. Moran sustained multiple blows to the (>12) head and body.   At no point in time did the Plaintiff strike at the defendant officers.  The defendants placed the defendant in a series of body and arm locks.  They placed their bodies on him.  Plaintiff became upset after being assaulted and verbally expressed his outrage. Mr. Moran's neighbor videotaped what transpired when the parties were on the ground.  See the videoclip at

https://www.youtube.com/watch?v=p-32u73WYWc&t=16s.

24.    The six officers were placing downward pressure on the plaintiff.  Plaintiff stated, "get off of me and I will give you the other arm." An officer believed to be BRIAN TORNGA walked over and stated,  "we will break your fucking arm."  Soon thereafter a loud snap/crack is heard and the left arm is broken.

25.    Following the beating, and after being handcuffed, the Plaintiff, who had already requested medical assistance and informed the responding officers he was emotionally disturbed, was taunted, tackled and choked while in handcuffs with a severely fractured left arm.

26.    At all times mentioned in this Complaint, the individual Defendants acted jointly and in concert with each other. Each individual Defendant had the duty and opportunity to protect the Plaintiff from the unlawful actions of the other individual Defendants but each individual Defendant failed and refused to perform such duty, thereby proximately causing the Plaintiff's injuries.

27.    The defendants, each jointly and separately, attempted to cover up the true facts of this incident by leveling false charges against the plaintiff, the most serious of which was that he had assaulted them.

28.    The charges were brought to cover up the defendants' improper conduct at the scene of the incident  and done maliciously knowing that probable cause did not exist  for the charges.  Despite being advised that the plaintiff was mentally impaired at the time and in need of a diversion program to address his medical needs, defendants continue to prosecute him for over two years.

29.    As a result of the unlawful and wholly unjustified actions of the individual Defendants the Plaintiff sustained injuries not limited to the following:

   a. Fractured left arm; injury to the left arm;
   b. Head trauma;
   c. Back trauma;
   d. Pain to neck;
   e. Post-traumatic stress disorder;
   f.  Post traumatic headaches;
   g. Post traumatic insomnia;

h.  Exacerbation of prior injuries.

30.    Defendants removed the plaintiff from the hospital and returned him to jail, thereby prevented the plaintiff from receiving adequate medical treatment.

31.    Consequently, the Plaintiff now suffers with permanent physical injuries, rendered sore , sick and disabled and has been unable to enjoy life's activities, to his personal detriment.

32.    As a further result of the Defendants' unlawful and wrongful conduct the Plaintiff was forced to incur expenses for hospitalization, x-rays, surgery, medical care and attention, therapy, pharmaceuticals, etc. all to the Plaintiff's further loss and damage, and it is reasonably probable that the Plaintiff's injuries or some of them, will require future medical treatment and expenditures.

33.    The Plaintiff's injuries are serious and many  will be permanent in nature and/or permanently disabling.

34.    From all the injuries or effects thereof, the Plaintiff was rendered sore and disabled and is suffering and will continue to suffer from pain, discomfort, soreness, emotional upset, limitation of motion and restriction of activity.

35.    As a further result of the Defendants' negligence and excessive force in effectuating Mr. Moran's arrest, the Plaintiff is permanently disabled.

36.    As a further result of the foregoing, Plaintiff sustained serious bodily injuries as previously set forth, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

37.    Plaintiff claims injuries from the defendants' 1. Negligence in Effectuating his Arrest, 2. Malicious Prosecution, 3. Abuse of Process, 4. Retaliatory Prosecution, 5. Excessive Force and Physical Brutality, 6. Fourth Amendment Violation, 7. Arbitrary Use of Force, 8. Verbal Abuse and Harassment, 9. Denial of Medical Attention, 10. Negligent Hiring, Training, Supervision, Promotion of Officers, 11. MONELL CLAIMS for Affirmative Policy and Custom of hiring and promoting officers known to be assaultive and in need of psychological treatment and failing to provide monitoring and treatment; maintaining inadequate hiring and screening  procedures demonstrating deliberate indifference to the health and welfare of the public, and Inadequate Supervision and Discipline.   Upon information and belief Defendants PETER TESEI, First Selectman, Town of Greenwich and Captain JAMES HEAVEY had final decision making authority for hiring training, screening and supervision; 12.  Assault and Battery.

## FIRST CLAIM FOR RELIEF
## <u>DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983</u>

38.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

39.    All the aforementioned acts of Defendants, their agents, servants and employees were carried out under the color of state law.

40.    All of the aforementioned acts deprived Plaintiff ROBERT MORAN of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

41.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as Municipality, Town Selectman/Commissioner, Chief of Police, police officers, with all the actual and/or apparent authority attendant thereto.

42.    The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officials, officers, pursuant to the customs, usages, practices, procedures, and the rules of the TOWN OF GREENWICH and the Town of Greenwich Police Department, under all the supervision of ranking officers of said department.

43.    **Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.**

44.    **The acts complained of deprived Plaintiff of his Fourth Amendment constitutional rights: (a) not to have excessive force imposed upon him; (b) not to have summary punishment imposed upon him; (c) to due process of law; (d) to equal protection of the law; (e) not to be subject to an unlawful search and seizure; and (f) not to be subject to abuse of process, malicious and retaliatory prosecution.**

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

45.    **Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.**

46.    **The level of force employed by the individual Defendants was objectively unreasonable and in violation of the Plaintiff ROBERT MORAN'S constitutional rights.**

47.    **As a result of the foregoing, Plaintiff sustained, bodily injuries as previously set forth, loss of liberty, emotional distress,**

embarrassment and humiliation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## UNLAWFUL SEARCH UNDER 42 U.S.C. § 1983

48.    Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49.    The individual Defendant(s) searched Plaintiff ROBERT MORAN in the absence of any individualized reasonable suspicion that the Plaintiff was concealing weapons or contraband.

50.    As a result of the foregoing, Plaintiff ROBERT MORAN was subjected to an illegal and improper search.

51.    The foregoing unlawful search violated Plaintiff ROBERT MORAN'S constitutional right to privacy, as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF
## MALICIOUS PROSECUTION AND ABUSE OF PROCESS UNDER 42
## U.S.C. § 1983

52.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "51" with the same force and effect as if fully set forth herein.

53.    Defendants lacked probable cause to initiate criminal proceedings against Plaintiff ROBERT MORAN.

54.    Defendants issued legal process to place Plaintiff ROBERT MORAN under arrest.

55.    Defendants arrested Plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.  The defendants actions as described above constitutes a conspiracy to violate the Fourth Amendment rights under the federal Constitution.

56.    Defendants acted with intent to do harm to Plaintiff ROBERT MORAN without excuse or justification.

57.    As a result of the foregoing, Plaintiff sustained, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.


## FIFTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY

58.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "57" as if the same were more fully set forth at length herein.

59.   The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

60.   The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers pursuant to the customs, policies, usage, practices, procedures, and rules of the Defendant TOWN OF GREENWICH and the Town of Greenwich  Police Department, all under the supervision of ranking officers of said department.

61.   The customs, policies, usages, practices, procedures and rules of the Defendant TOWN OF GREENWICH and the Town of Greenwich Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of the Plaintiff ROBERT MORAN.

62.   The customs, policies, usages, practices, procedures and rules of the Defendant TOWN OF GREENWICH and the Town of Greenwich Police Department were the direct and proximate cause of the constitutional violations suffered by the Plaintiff ROBERT MORAN as alleged herein.

63.   The customs, policies, usages, practices, procedures and rules of the Defendant TOWN OF GREENWICH and the Town of

Greenwich Police Department were the moving force behind the constitutional violations suffered by the Plaintiff ROBERT MORAN as alleged herein.

64.    As a result of the customs, policies, usages, practices, procedures and rules of the Defendant TOWN OF GREENWICH and the Town of Greenwich Police Department, Plaintiff ROBERT MORAN was subjected to unlawful and excessive force resulting in permanent and disabling injuries.

65.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff ROBERT MORAN.

66.    Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff ROBERT MORAN'S constitutional rights.

67.    All of the foregoing acts by Defendants deprived Plaintiff ROBERT MORAN of federally protected rights including, but not limited to, the right:

a.    Not to have excessive force imposed upon him;

b.    Not to have summary punishment imposed upon him;

c.    To receive equal protection under the law; and

d.    Not to be subject to unreasonable searches and seizures.

68.    As a result of the foregoing, Plaintiff sustained, loss of liberty, emotional distress, embarrassment and humiliation, and deprivation of his constitutional rights.

## SIXTH CLAIM FOR RELIEF
## CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS

69.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph "1" through "68" as if the same were more fully set forth at length herein.

70.    Defendants conspired and acted in concert to do whatever was necessary, lawful or not, to cause the arrest, prosecution (for over two years), and detention of Plaintiff ROBERT MORAN.

71.    Throughout the period of conspiracy, the Defendants pursued their objectives with actual malice toward Plaintiff, with utter indifference to and disregard for Plaintiff's rights under the Constitution and laws of the United States, without probable cause or reasonable cause to believe Plaintiff guilty of any crime.

72.    The aforesaid conduct of the Defendants operated to deprive Plaintiff ROBERT MORAN of important and well established rights under the Constitution and laws of the United States including, but not limited to, his rights:

(a)    Not to be deprived of his liberty or to be arrested, detained or imprisoned except upon probable cause to believe him guilty of a

crime, under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution;

(b)     Not to be deprived of his liberty or to be arrested, indicated, or prosecuted based upon evidence fabricated by a government official; and

(c)     Not to be deprived of his liberty or be arrested, prosecuted or imprisoned based upon the testimony of witnesses who had been illegally influenced and or coerced for their testimony.

(d)     Not to deprive the plaintiff of Brady material the Town of Greenwich has in its possession consisting of, upon information and belief, additional videotapes, a written investigation report detailing the illegal and negligent  conduct ( a request was made for the report and same was denied as the criminal case is still proceeding), police procedure violations, and officer misconduct depicted in the videotapes.  Upon information and belief the investigation report contradicts the sworn statements of the officers involved in attacking Robert Moran.

(e)     Not to be subject to assault, battery and excessive force from law enforcement supervisors and officers suffering from mental conditions that impair their ability to function in high stress environments and/or make their use of excessive force substantially

more likely.  The First Selectman and Police Chief's actions in allowing the same demonstrates deliberate indifference to the public safety.

73.    The foregoing violations of Plaintiff ROBERT MORAN'S constitutional rights by Defendants directly and proximately caused Plaintiff's arrest, detention, and deprivation of liberty.

## SEVENTH CLAIM FOR RELIEF
## ASSAULT AND BATTERY

74.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.    In the matter described above, the individual Defendants deprived the Plaintiff ROBERT MORAN of his right to be free from assault and battery, which right is secured to the Plaintiff by the Constitution and laws of the State of Connecticut.

76.    As a result of the assault and battery, Plaintiff suffered the consequences of the injuries alleged herein.

## EIGHTH CLAIM FOR RELIEF
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

77.    Plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.   The individual Defendants' aforesaid conduct created an unreasonable risk of causing the Plaintiff emotional distress.

79.   The Plaintiff's distress was foreseeable.

80.   The emotional distress was severe enough that it might result in illness or bodily harm.

81.   The individual Defendants' conduct was the cause of the Plaintiff's distress.

82.   By virtue of the foregoing conduct, the individual Defendants inflicted upon the Plaintiff severe emotional distress.

83.   As a result of the foregoing conduct, the Plaintiff suffers and will continue to suffer from trauma, anxiety, fear, and trepidation.

84.   As a result of the individual Defendants' conduct, the Plaintiff claims damages.

85.   In the matter described above, the Defendant negligently inflicted emotional distress upon the Plaintiff in the performance of their police duties.


**NINTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

86.   Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "85" with the same force and effect as if fully set forth herein.

87.    The individual Defendants intended to inflict emotional distress upon the Plaintiff and/or they knew or should have known that emotional distress was the likely result of their conduct.

88.    The individual Defendants' conduct was extreme and outrageous.

89.    The individual Defendants' conduct was the cause of the Plaintiff's distress.

90.    The emotional distress sustained by the Plaintiff was severe.

91.    By virtue of the foregoing conduct, the Plaintiff suffers and will continue to suffer from trauma, anxiety, fear, and trepidation.

92.    As a result of the individual Defendants' conduct, the Plaintiff claims damages.

93.    By virtue of the foregoing, the Defendants deprived the Plaintiff of his right to be free of the intentional infliction of severe emotional distress by means of outrageous conduct.


## TENTH CLAIM FOR RELIEF
## NEGLIGENCE

94.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.    The injuries, damages, and losses sustained by the Plaintiff ROBERT MORAN were caused by the negligence and carelessness of the Defendant, TOWN OF GREENWICH, in one or more of the following ways:

a.    IN THAT it failed to properly train the individual Defendants with regard to the proper use of force;

b.    IN THAT it failed to properly train the individual Defendants with regard to the proper use of tasers;

c.    IN THAT it failed to properly train the individual Defendants with regard to the proper use of batons;

d.    IN THAT it failed to properly train the individual Defendants in the proper initiation and completion of an arrest;

e.    IN THAT it failed to monitor, direct, and evaluate the need to pursue and assault the Plaintiff ROBERT MORAN.

f.    IN THAT it failed to assist the individual Defendants in the safe performance of their duties;

g.    IN THAT it failed to properly screen the individual Defendant(s) for behavioral problems prior to hiring them.

h.    IN THAT it hired and continued to employ Defendant(s) that had a history of illness, ptsd, and untreated mental conditions making them more likely to engage in the use of excessive force and to be incapable of handling stressful situations pursuant to the

Connecticut safety rules and guidelines as set forth in the patrol guidelines and as taught in the police academy;

      i.     IN THAT it failed to properly supervise the individual Defendants with regard to the incident in question;

      j.     IN THAT it failed to properly supervise and train the individual Defendants and such failure was a deliberate indifference to the probable consequences or constituted an implicit authorization of such consequences;

      k.     IN THAT it participates in customs that lead to violations of individual constitutional rights;

      l.     IN THAT it acted with deliberate indifference to the constitutional rights of others;

      m.     IN THAT it failed to enforce the law as it existed;

      n.     IN THAT it failed to prevent its police officers from committing, and continuing to commit illegal actions when it knew or should have known such actions were taking place; and

      o.     IN THAT it had notice of but repeatedly failed to make any meaningful investigation into charges that its police officers were repeatedly violating its citizens' constitutional rights.

## ELEVENTH CLAIM FOR RELIEF
## GROSS NEGLIGENCE AND RECKLESSNESS

The injuries, damages, and losses sustained by the Plaintiff ROBERT MORAN were caused by the negligence and carelessness of the Defendants, individually and severally, PETER TESEI, JAMES HEAVEY, SEAN P. O'DONNELL,  DANIELLE PETRUSO, THE TOWN OF GREENWICH CONNECTICUT, THE GREENWICH POLICE DEPARTMENT, in one or more of the following ways:

a.     IN THAT they failed to properly train the individual Defendants with regard to the proper use of force;

b.     IN THAT they failed to properly train the individual Defendants with regard to the proper use of tasers;

c.     IN THAT they failed to properly train the individual Defendants with regard to the proper use of batons;

d.     IN THAT they failed to properly train the individual Defendants in the proper initiation and completion of an arrest;

e.     IN THAT they failed to monitor, direct, and evaluate the need to pursue and assault the Plaintiff ROBERT MORAN.

f.     IN THAT they failed to assist the individual Defendants in the safe performance of their duties;

g.     IN THAT they failed to properly screen the individual Defendant(s) for behavioral and mental problems prior to hiring and continuing to employ them.

h.    IN THAT they hired and continued to employ Defendant(s) that had a history of illness, ptsd, and untreated mental conditions making them more likely to engage in the use of excessive force and to be incapable of handling stressful situations pursuant to the Connecticut safety rules and guidelines as set forth in the patrol guidelines and as taught in the police academy;

i.    IN THAT they failed to properly supervise the individual Defendants with regard to the incident in question;

j.    IN THAT they failed to properly supervise and train the individual Defendants and such failure was a deliberate indifference to the probable consequences or constituted an implicit authorization of such consequences;

k.    IN THAT they participate in customs that lead to violations of individual constitutional rights;

l.    IN THAT they acted with deliberate indifference to the constitutional rights of others;

m.    IN THAT they failed to enforce the law as it existed;

n.    IN THAT they failed to prevent its police officers from committing, and continuing to commit illegal actions when it knew or should have known such actions were taking place; and

o. IN THAT they had notice of but repeatedly failed to make any meaningful investigation into charges that its police officers were repeatedly violating its citizens' constitutional rights.

p.  IN THAT individual defendants failed to seek help and assistance for mental health concerns that they should have known or knew they or their fellow officers suffered.

q. IN THAT the defendant TOWN OF GREENWICH failed to provide and make mental health services and treatment available to its law enforcement officers to protect them and the public.

WHEREFORE, the Plaintiff claims judgment against the Defendants and each of them as follows:

A. Compensatory damages in an amount this Court shall consider to be just reasonable and fair; and in the amount of TEN MILLION DOLLARS;

B. Punitive damages in an amount this Court shall consider to be just, reasonable and fair; and in the amount of TEN MILLION DOLLARS;

C. Attorney fees and the costs of this action;

D. Such other relief as this Court shall consider to be fair and equitable.

*Gary N. Rawlins*

BY____/s/____GR2049_____

**Gary N. Rawlins**
**The Rawlins Law Firm, PLLC**
**Attorney for Plaintiff**
**ROBERT MORAN**
**777 Westchester Avenue, Suite 101**
**White Plains, New York 10604**
**212-926-0050**

## <u>CERTIFICATION</u>

I hereby certify that on May 13, 2019, a copy of the foregoing complaint was filed electronically and served by mail on anyone unable to accept the electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by First Class Mail to any one unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.