UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT MORAN,
    *Plaintiff*,

v.

PETER TESEI ET AL.,
    *Defendants*.

No. 3:19-cv-00722 (VAB)

**RULING AND ORDER ON MOTION FOR RECONSIDERATION**

On March 11, 2023, Robert Moran ("Plaintiff") filed suit against the Town of Greenwich (the "Town"), Greenwich Police Commissioner Fred Camillo, former Greenwich Commissioner Peter Tesei, Chief of Police James Heavey, Sergeant Sean O'Donnell, and Officers Andrew Greco, Brian Tornga, and Hayes Podmokly (collectively, "Defendants") alleging violations of 42 U.S.C § 1983 and various state law claims. *Moran v. Greenwich*, No. 23-cv-330, Compl., ECF No. 1 (Mar. 11, 2023) ("*Moran II*").

On March 28, 2024, the Court granted Mr. Moran's motion to amend his Complaint as to his municipal liability claim and dismissed all other claims. *Moran II*, Ruling and Order on Pl.'s Mot. to Amend and Defs.' Mots. to Dismiss at 15, ECF No. 34 (Mar. 28, 2024) ("*Moran II*, Dismissal Order"). The Court then consolidated the remaining claim with this case, *Moran v. Tesei*, No. 3:19-CV-00722 (VAB) (filed May 13, 2019). *Id*. at 17.

On May 1, 2024, Mr. Moran filed—in the consolidated case—a motion for reconsideration of the Court's dismissal of his § 1983 fair trial claim based on fabrication of evidence. Mot. for Reconsideration, ECF No. 263 (May 1, 2024).

On May 13, 2024, the Individual Defendants filed an objection to Mr. Moran's motion for reconsideration. Obj. by Individual Defs., ECF No. 266 (May 13, 2024) ("Obj.").

On May 14, 2024, the Town Defendants filed a motion to join the Individual Defendants' objection. Mot. to Join, ECF No. 269 (May 14, 2024). The Court will grant this motion and notes the Town Defendants' objection to Mr. Moran's motion for reconsideration.

On May 20, 2024, Mr. Moran filed a reply in support of his motion for reconsideration. Reply in Supp. of Mot. for Reconsideration, ECF No. 271 (May 20, 2024).

For the following reasons, Mr. Moran's motion for an extension of time to file his motion for reconsideration is **GRANTED *nunc pro tunc***, and his motion for reconsideration is **GRANTED**. The Court's March 28, 2024, Ruling and Order in *Moran v. Greenwich*, No. 23-cv-330, ECF No. 34, is **VACATED** as to Mr. Moran's § 1983 fair trial claim based on fabrication of evidence, and Mr. Moran's motion to amend as to this claim is **GRANTED**.

### I.     STANDARD OF REVIEW

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" (internal citations omitted)). "[A] motion for reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257.

## II.     DISCUSSION

As an initial matter, the Court addresses the timeliness of this motion.

Under Local Rule 7(c), motions for reconsideration must be filed within seven days of the filing of the order from which relief is sought. Local R. Civ. P. 7(c) ("[Motions for reconsideration] shall be filed and served within seven (7) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked."). As the relevant Order here was filed on March 28, 2024, any motion for reconsideration was due April 4, 2024. Mr. Moran filed this motion for consideration on May 1, 2024, noting his intent to file the motion *nunc pro tunc* and indicating that the delay was due to illness. The Court construes this as a motion for extension of time, *nunc pro tunc*, to file a motion for reconsideration.

Although, failure to file a timely motion for consideration is sufficient grounds for denial, "[o]n occasion, in the interest of justice, . . . courts of this District have chosen to exercise their discretion to address untimely motions for reconsideration." *Jackson v. Post Univ., Inc.*, No. 3:08-CV-1810 (CSH), 2012 WL 1189075, at *4 (D. Conn. Apr. 9, 2012) (collecting cases); *see also id.* ("choos[ing] to exercise its discretion to consider defendant's motion for reconsideration in order to correct a clear-cut error law and thereby prevent manifest injustice"). Here, in the interest of justice—to address the Court's prior analayis of Mr. Moran's fair trial claim—the Court will grant Mr. Moran's motion for extension of time *nunc pro tunc*, and consider the merits of his motion.

As to the merits of this motion, Mr. Moran seeks reconsideration of the Court's dismissal of his § 1983 fair trial claim based on fabrication of evidence. Although Mr. Moran initially argued in his motion to amend that the dismissal of his criminal charges following his

3

completion of the accelerated rehabilitation program constituted favorable termination, Mr. Moran now argues, relying on *Smalls v. Collins*, 10 F.4th 117 (2d Cir. 2021), that the Court erred in holding that Mr. Moran had to establish favorable termination to sustain this claim under *McDonough v. Smith*.

In response, Defendants simply argue that the Court provided a sound analysis of fact and law. Obj. at 3.

The Court disagrees.

In its Ruling and Order, the Court wrongly conflated Mr. Moran's malicious prosecution claim with his separate and distinct fair trial claim. *See Moran II*, Dismissal Order at 13 ("[I]n regard to Mr. Moran's malicious prosecution and fair trial claims based on fabricated evidence, the issue is not that those claims are time-barred, but rather that Mr. Moran cannot establish a favorable termination, as the charges against him were dismissed following his participation in Connecticut's accelerated rehabilitation program." (citations omitted)).

As Mr. Moran has rightly stated, the Second Circuit has distinguished these two claims, such that the former claim, one of malicious prosecution flows from exoneration, and the latter one, the fair trial claim, does not. *See Small*, 10 F.4th at 132 ("In contrast to malicious prosecution claims, which require a plaintiff to demonstrate that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence, we have long held that Section 1983 liability attaches for knowingly falsifying evidence even where there simultaneously exists a lawful basis for [the] deprivation of liberty that the plaintiff suffered." (citations and internal quotation marks omitted)). "This is because malicious-prosecution and fair-trial claims arise out of different constitutional rights, protect against different constitutional injuries, and implicate different constitutional concerns." *Id.* (citations and internal quotation

4

marks omitted). As a result, unlike with a malicious prosecution claim, "[w]here the plaintiff asserts a section 1983 fair-trial claim based on fabricated evidence, all that is required is that the underlying criminal proceeding be terminated in such a manner that the lawsuit does not impugn an ongoing prosecution or outstanding conviction." *Id.* at 139. And, unlike Mr. Moran's § 1983 malicious prosecution claim, his § 1983 fair trial claim does not require termination in a manner indicative of innocence. *See id.* at 132 ("[T]o establish a section 1983 fair-trial claim based on fabrication of evidence, a plaintiff must demonstrate that 'an (1) investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result.' . . . [And] *McDonough* did not alter the substantive elements of a fabricated-evidence claim as it is understood in this Circuit." (quoting *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 279 (2d Cir. 2016))).

Accordingly, the Court will grant Mr. Moran's motion for reconsideration and vacate its previous order as to his fair trial claim.[1]

### III.  CONCLUSION

For the foregoing reasons, Mr. Moran's motion for an extension of time to file his motion for reconsideration is **GRANTED *nunc pro tunc***, and his motion for reconsideration is

---

[1] Mr. Moran's abuse of process claim, however is not properly before the Court. *See* ECF No. 271 at 2 ("As to the civil abuse of process claims, it respectfully submitted that the issue has not been addressed and Plaintiff respectfully submits that the claim is timely based on the fabrication of evidence claims that are made."). In its Ruling and Order on Plaintiff's motion to amend and Defendants' motions to dismiss, the Court dismissed Mr. Moran's abuse of process claim, holding that amendment would be futile. *Moran II*, Dismissal Order at 14–15. And Mr. Moran did not raise this claim in his motion for reconsideration. Thus, the mention of the abuse of process claim is both untimely and insufficient to satisfy the standard set forth in *Shrader*. *See Wang v. Omni Hotels Mgmt. Corp.*, 607 F. Supp. 3d 219, 229–30 (D. Conn. 2022) ("A party cannot raise an issue for the first time in a reply brief." (citing *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999))); *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) ("The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.").

**GRANTED**. The Court's March 28, 2024 Ruling and Order in *Moran v. Greenwich*, No. 23-cv-330, ECF No. 34 is **VACATED** as to Mr. Moran's § 1983 fair trial claim based on fabrication of evidence, and Mr. Moran's motion to amend as to this claim is **GRANTED**.

**SO ORDERED** at New Haven, Connecticut, this 28th day of June, 2024.

          /s/ Victor A. Bolden
        VICTOR A. BOLDEN
        UNITED STATES DISTRICT JUDGE